KAREN NELSON MOORE, Circuit Judge,
concurring in part and dissenting in part.
I join Part II.B.l of the majority opinion, concluding that summary judgment should be granted to the officers on the Plaintiffs’ excessive-force claims. I dissent from Parts II.B.2 and II.B.3 of the majority’s opinion because I believe that the facts viewed in the light most favorable to the Plaintiffs demonstrate that genuine issues of material fact remain regarding the reasonableness of the seizure and search. See Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro, 477 F.3d 807, 825 (6th Cir.2007).
Taking the facts in the light most favorable to the Plaintiffs, I believe that the officers lacked reasonable suspicion to detain the Plaintiffs after completion of the vehicle-registration check in order to conduct a canine sweep. In their response to the officers’ statement of material facts, the Plaintiffs disputed the officers’ assertion that something had been thrown from the Plaintiffs’ vehicle. On the materials properly before us, therefore, the only undisputed “specific and articulable fact” that *582 supported the continued detention was the officers’ observation that the Plaintiffs’ vehicle was blue. The officers cannot show reasonable suspicion based only on the matching color of the vehicle. The stop in United States v. Hurst, 228 F.3d 751, 757 (6th Cir.2000), in contrast, was supported by numerous specific details.
Even if the officers had possessed reasonable suspicion for the continued detention, I do not believe that the officers are entitled to summary judgment on the claim that they conducted an unreasonable search. Probable cause for the vehicle search turned on whether the dog indicated the presence of a controlled substance in the Plaintiffs’ car. It is not obvious from the videotape that the dog alerted. There is therefore a genuine issue of material fact precluding summary judgment. For these reasons, I respectfully dissent from Parts II.B.2 and II.B.3 of the majority’s opinion.